IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Progressive Mountain Insurance Company,<br>　　　　　Plaintiff,<br><br>vs.<br><br>Gregory E. Parker, Jr. as Special Administrator for the Estate of Beverly Lloyd, deceased; Safii Jamal Dew; Budget Truck Rentals, LLC; KSBNM & BNM Logistics Corp.; Amazon.Com Services, LLC f/k/a Amazon.Com Services, Inc.; and Amazon Logistics, Inc.<br><br>　　　　　Defendants. | CIVIL ACTION NO: 1:24-cv-5871-JDA<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Progressive Mountain Insurance Company, by and through its undersigned counsel, complaining of the Defendants, Gregory E. Parker, Jr., as Special Administrator for the Estate of Beverly Lloyd, Safii Jamal Dew, Budget Truck Rentals, LLC, KSBNM & BNM, Logistics Corp., Amazon.Com Services, Inc., and Amazon Logistics, Inc., seeks a declaratory judgment from this Honorable Court as set forth below.

## PARTIES AND JURISDICTION

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

1

5269817.1

2. Progressive Mountain Insurance Co. ("Progressive") is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. Accordingly, Progressive is deemed a resident of the State of Ohio.

3. Defendant Gregory E. Parker, Jr. as Special Administrator for the Estate of Beverly Lloyd, deceased (hereinafter "Parker"), is a citizen and resident of the State of South Carolina, Richland County, and by virtue of operation of 28 U.S.C. § 1332(c)(2) is further deemed to be a citizen and resident of the State of South Carolina insofar as at the time of her death, Beverly Lloyd, was a citizen and resident of the State of South Carolina, Richland County.

4. Defendant Safii Jamal Dew ("Dew") is a citizen and resident of the State of Georgia.

5. Defendant Budget Truck Rentals, LLC ("Budget") is a Delaware limited liability company, and is a direct wholly owned subsidiary of Budget Rent A Car System, Inc.; Budget Rent A Car System, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Accordingly, Budget is deemed a resident of the States of Delaware and New Jersey.

6. Defendant KSBNM and BNM Logistics Corp. ("KSBNM") is a corporation organized under the laws of the State of Georgia with its principal place of business in the State of Georgia. Accordingly, KSBNM is deemed a resident of the State of Georgia.

7. Defendant Amazon.Com Services, LLC f/k/a Amazon.Com Services, Inc. ("Amazon.Com") is upon information and belief a Delaware limited liability company, with no member a citizen and resident of the State of Ohio.

8. Defendant Amazon Logistics, Inc ("Amazon Logistics") is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of

Washington.  Accordingly, Amazon Logistics is deemed a resident of the States of Delaware and Washington.

9. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs. In further support of the amount in controversy threshold being met, the underlying personal injury action giving rise to this insurance coverage declaratory judgment action is pending before this Court and involves claims under the South Carolina Wrongful Death Act, S.C. Code § 15-51-10 *et seq.*, and the South Carolina Survival Act, S.C. Code § 15-5-90.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred insofar as the motor vehicle accident giving rise to the controversy occurring within Aiken County, South Carolina.

11. Venue is proper in this Division pursuant to Local Civ. Rule 3.01(A)(1) (D.S.C.), because this is the division in in which a substantial part of the events or omissions giving rise to the claim occurred insofar as the motor vehicle accident giving rise to the controversy occurring within Aiken County, South Carolina.

12. The Parties have an actual, present, adverse, and antagonistic interest insofar as Progressive as in doubt with respect to its rights and obligations under a policy of insurance, and by this claim for declaratory relief, seeks a declaration of its rights and obligations under the aforesaid insurance policy with respect to claims asserted by or against the other parties to this action.

13.     All proper and antagonistic parties or all parties having any interest in the outcome and adjudication of the present controversy are before the Court.

14.     Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances presently existing.

## FACTUAL BACKGROUND

Relation of Parties, Accident, Underlying Litigation

15.     On or about March 7, 2021, Dew was operating a 2017 Hino Box Truck (VIN 5PVNE8JV0H4S55252) owned by Budget (the "Subject Vehicle") on I-20 West when he was involved in a rear-end accident with 1996 Mazda being operated by Beverly Ann Lloyd below the posted speed limit for I-20 (the "Accident").

16.     Lloyd sustained fatal injuries as a result of the Accident.

17.     At the time of the Accident, KSBNM and/or Dew had rented the Subject Vehicle from Budget.

18.     In connection with the rental of the Subject Vehicle KSBNM and/or Dew selected the "Basic Liability Coverage of $100,000/$300,000/$25,000 offered by Budget.

19.     At the time of the Accident, Dew was operating the Subject Vehicle pursuant to the motor carrier authority of KSBNM (USDOT 3355988/MC-01073715) and was transporting a shipment from an Amazon warehouse in West Columbia, South Carolina to an Amazon warehouse in Atlanta, Georgia.

20.     Defendant Parker thereafter filed a personal injury lawsuit alleging damages including Wrongful Death and Survival in relation to the Accident, which was subsequently removed to the United States District Court for District of South Carolina, Columbia Division, and

4

captioned *Gregory E. Parker, Jr., as Special Administrator for the Estate of Beverly Lloyd v. Safii Jamal Dew, Budget Truck Rentals, LLC, KSBNM and BNM Logistics Corp., Amazon.Com Services, Inc., and Amazon Logistics, Inc.*, C.A. No. 3:23-cv-04607-JDA. A true and accurate copy of the operative Complaint from the Underlying Litigation is attached hereto as **Exhibit A**.

21. Progressive is affording KSBNM and Dew a defense to the Underlying Litigation pursuant to a full Reservation of Rights to deny coverage.

The Progressive Policy

22. At the time of the Accident, Progressive had issued to KSBNM a commercial auto liability policy, Policy No. 01519511-001, with effective dates of December 9, 2020 through December 9, 2021, and affording liability coverage of $1,000,000 Combined Single Limits, and containing a MCS 90 endorsement (the "Progressive Policy").

23. A true and accurate copy of the Progressive Policy with premiums redacted is attached hereto as **Exhibit B**.

24. At the time of the Accident, the Subject Vehicle was not specifically scheduled on the declarations page to the Progressive Policy.

25. At no point prior to the Accident did KSBNM, Dew, or any other individual or entity seek to specifically schedule/add the Subject Vehicle to the Progressive Policy.

26. Upon information and belief, KSBNM and/or Dew had been in possession of and had full use of the Subject Vehicle for more than thirty (30) days prior the Accident.

27. At the time of the Accident, Dew was not a rated driver on the Progressive Policy.

28. At the time of the Accident, the only vehicles specifically described on the declarations page to the Progressive Policy was a separate 2017 Hino (VIN

5PVNJ8JV6H4S66221) that was owned by KSBNM, subject to a financing lien (the "KSBNM Hino"), and a 2021 "Non-Owned Trailer.").

29. At the time of the Accident, the KSBNM Hino was fully operational, was in working condition, and had not been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

30. The Progressive Policy provides, in relevant part, as follows:

**GENERAL DEFINITIONS**

The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.

4. **"Declarations"** or **"declarations page"** means the document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected, the limit for each coverage, the cost for each coverage, the specifically described **autos** covered by this policy, and the types of coverage for each specifically described **auto**.

6. "**Insured auto**" or "**your insured auto**" means:
   a. Any **auto** specifically described on the **declarations page**; or
   b. An additional **auto** for Part I—Liability To Others and/or Part II—Damage To Your Auto on the date **you** become the owner if:
      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

2

   (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
   (iii) no other insurance policy provides coverage for that **auto**; and
   (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I—Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

With respect to Part II—Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:
   (i) a **private passenger auto**, **we** will provide the broadest coverage **we** provide for any **auto** shown on the **declarations page**; or
   (ii) any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

   c. Any replacement **auto** on the date **you** become the owner if:
      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
      (ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and
      (iii) no other insurance policy provides coverage for that **auto**.

7

17. **"Temporary substitute auto"** means any **auto** **you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

20. **"We"**, **"us"** and **"our"** mean the company providing this insurance as shown on the **declarations page**.

21. **"You"**, **"your"** and **"yours"** refer to the named insured shown on the **declarations page**.

## PART I—LIABILITY TO OTHERS

### INSURING AGREEMENT—LIABILITY TO OTHERS

Subject to the limits of liability, if **you** pay the premium for liability coverage, **we** will pay damages for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident**, arising out of the ownership, maintenance, or use of an **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

### ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A. When used in Part I—Liability To Others, **insured** means:
   1. **You** with respect to an **insured auto**.

8

2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
   (a) Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
   (b) Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).
   (c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
   (d) The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
   For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.
3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability To Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B. When used in Part I—Liability To Others, **insured auto** also includes:
   1. **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
   2. **Mobile equipment** while being carried or towed by an **insured auto**;
   3. Any **temporary substitute auto**; and
   4. **Mobile equipment** that is:
      a. owned by **you**;
      b. leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or
      c. not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.
   However, **mobile equipment** meeting any of those three criteria will qualify only if at the time of **loss** it is being:
      a. used in **your** business;
      b. operated on a public highway; and
      c. operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

**LIMIT OF LIABILITY**

9

1. **Coverage Required by Filings**

   If **we** have filed a certificate of insurance on **your** behalf with any regulatory or governmental agency, and:
   (i)  **we** are required to pay any judgment entered against **you**; or
   (ii) **we** agree to settle a claim or lawsuit;
   for **bodily injury**, **property damage**, or **covered pollution cost or expense** arising out of an **accident** or **loss** otherwise not covered under the terms of this policy solely because of such certificate of insurance, **we** will be obligated to pay no more than the minimum amount required by that agency or applicable law. If any payment is based solely on such certificate, **you** must reimburse **us** in full for **our** payment, including legal fees and costs **we** incurred, whether the payment is made as a result of judgment or settlement.

## GENERAL PROVISIONS

3. **Other Insurance**

   For any **insured auto** that is specifically described on the **declarations page**, this policy provides primary coverage. However, if the **insured auto**, which is specifically described on the **declarations page** is a **trailer**, this policy will be primary only if the **trailer** is attached to an **insured auto** that is a power unit **you** own that is specifically described on the **declarations page**, and excess in all other circumstances.

   For an **insured auto** which is not specifically described on the **declarations page**, coverage under this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent. However, coverage under this policy will be primary over a policy of liability insurance providing coverage for an **auto** owned by a person, firm or corporation engaged in the business of retail sales of motor vehicles.

   b.  If coverage under more than one policy applies on the same basis, either excess or primary, **we** will pay only **our** proportionate share. **Our** pro-

24

portionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

10

31. The MCS 90 endorsement to the Progressive Policy was issued to KSBNM and BNM Logistics Corp., 950 Eagles Landing Pkwy Suite 873, Stockbridge, GA 30281 and provides as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.
>
> It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.
>
> The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment as to Progressive Policy)**

32. Progressive restates the foregoing allegations of the Complaint not inconsistent herewith and incorporates the same herein by reference.

11

33. The Accident did not arise out of the ownership, maintenance or use of an "insured auto" as defined under the Progressive Policy.

34. The Progressive Policy affords no liability for the Accident, including but not limited to those claims alleged in the Underlying Litigation, because the Subject Vehicle does not qualify as an "insured auto" under the Progressive Policy insofar as it was not specifically described on the Declarations Page to the Policy at the time of the Accident and does not constitute an additional auto, replacement auto, or temporary substitute auto as those terms are defined under the Progressive Policy.

35. No individual or entity qualifies as an "insured" for liability coverage under the Progressive Policy in relation to the Accident because the Subject Vehicle does not qualify as an "insured auto" as defined under the Progressive Policy.

36. Progressive has no duty under the Progressive Policy to defend or indemnify any individual or entity against claims arising from or relating to the Accident, including but not limited to those alleged in the Underlying Litigation, because the Accident did not arise out of the ownership, maintenance, or use an "insured auto" as defined in the Progressive Policy.

37. Progressive has no duty under the Progressive Policy to defend or indemnify any individual or entity against claims arising from or relating to the Accident, including but not limited to those alleged in the Underlying Litigation, because no individual or entity qualifies as an "insured" under the Progressive Policy.

38. Alternatively, to the extent there is any coverage and corresponding duty to defend or indemnify upon Progressive under the Progressive Policy with respect to the Accident or the Underlying Litigation, any coverage and corresponding duty upon Progressive to defend or indemnify under the Progressive Policy would be excess to any other available insurance,

including but not limited to the Basic Liability Coverage of $100,000/$300,000/$25,000 offered by Budget and selected by Dew and/or KSBNM in connection with the rental of the Subject Vehicle.

39.     Progressive has no duty under the MCS 90 endorsement on the Progressive Policy to defend any individual or entity against claims arising from or related to the Accident, including but not limited to those alleged in the Underlying Litigation, because under the applicable federal regulations the MCS 90 endorsement does not create any duty upon the insurer to defend.

40.     To the extent there is other available liability insurance coverage and/or surety in favor of KSBNM in an amount equal to or in excess of $750,000 in relation to the Accident, Progressive has no surety obligation pursuant to the MCS 90 endorsement on the Progressive Policy.

41.     Progressive has no indemnification/surety obligation under the MCS 90 endorsement on the Progressive Policy with respect to the claims alleged against any individual or entity other than KSBNM because any surety obligation under the endorsement, to the extent one exists, extends only to a final judgment obtained against the motor carrier listed on the face of the MCS 90 endorsement.

42.     For each of the foregoing reasons, Progressive is entitled to an Order holding:

    i.  The Progressive Policy does not afford liability coverage for any losses sustained in the Accident, including but not limited to those alleged in the Underlying Litigation;

    ii. Progressive has no duty under the Progressive Policy to defend any individual or entity for claims arising from or relating to the Accident, including but not limited to those alleged in the Underlying Litigation;

    iii.    Progressive has no duty under the Progressive Policy to indemnify any individual or entity for claims arising from or relating to the Accident, including but not limited to those alleged in the Underlying Litigation;

    iv.    Alternatively, to the extent coverage is found under the Progressive Policy with respect to the Accident and the claims alleged in the Underlying Litigation, such coverage and corresponding duty to defend and indemnify by Progressive would be excess to any other available insurance, including but not limited to the Basic Liability Coverage of $100,000/$300,000/$25,000 offered by Budget;

    v.    Progressive has no duty under the MCS 90 on the Progressive Policy to defend any individual or entity for claims arising from or relating to the Accident, including but not limited to those alleged in the Underlying Litigation;

    vi.    Progressive has no duty under the MCS 90 on the Policy to indemnify or otherwise satisfy any judgment entered in connection with the Accident, including but not limited to those alleged in the Underlying Litigation;

    vii.    Alternatively, to the extent Progressive has any obligation under the MCS 90 endorsement on the Progressive Policy to satisfy any judgment entered in connection with the Accident, such obligation only extends with respect to a judgment entered against KSBNM and then only in an amount, in combination with any other available coverage or surety in favor of KSBNM, to meet the federal financial responsibility requirements of $750,000.00.

WHEREFORE, Progressive Mountain Insurance Co. prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

Respectfully submitted this 11th day of October, 2024.

    s/Robert "Rocky" C. Rogers
Robert D. Moseley, Jr. (Fed Bar #05526)
Robert "Rocky" C. Rogers (Fed Bar #11655)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
Rocky.Rogers@momarlaw.com
*Attorneys for Plaintiff,*
*Progressive Mountain Insurance Co.*